IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SABRINA A. NEWSOM,                       Civil No. 06-1017-AA
                                               OPINION AND ORDER
       Plaintiff,

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.
_____

R. Adian Martin
Ransom, Gilbertson, Martin & Ratliff, L.L.P.
The Thomas Mann Building
820 SW 2nd Avenue, Suite 250
Portland, Oregon 97204
     Attorneys for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Thomas M. Elsberry
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
     Attorneys for defendant

AIKEN, Judge:

      Claimant, Sabrina Newsom, brings this action appealing the

1   - OPINION AND ORDER

denial of her applications for disability insurance benefits and supplemental security income (SSI) benefits under Titles II and XVI of the Social Security Act (the Act), 42 U.S.C. §§ 401-33 and 1381-83f. For the reasons set forth below, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed her application for SSI benefits on May 29, 2003. Plaintiff's applications were denied, and plaintiff requested a hearing before an Administrative Law Judge (ALJ). A hearing was held on November 15, 2004, after which the ALJ ruled that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 416.1481, 422.210.

## STATEMENT OF THE FACTS

Plaintiff was 27 years old on the date of the hearing. Tr. 22. Plaintiff has worked as a tanning consultant, restaurant hostess and cashier, cherry sorter, and food preparer. Tr. 75. Plaintiff last worked in April 2003. Id. Plaintiff alleges disability based on a combination of impairments, including fibromyalgia.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

2   - OPINION AND ORDER

Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude

3   - OPINION AND ORDER

substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity during the time period considered. Tr. 16, 20, Finding 1. This finding is not disputed. At step two, the ALJ found that plaintiff had the following severe impairments: history of endometriosis, post-traumatic stress disorder, depression, personality disorder, and fibromyalgia. Tr. 16-17, 20, Finding 2. This finding is not disputed. At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Id. This finding is not disputed.

The ALJ determined that plaintiff had the residual

functional capacity (RFC) to perform light work including lifting and carrying 20 pounds occasionally; lifting and carrying 10 pounds frequently; stand and/or walk for thirty minutes at a time for four hours total in an 8-hour workday; sit for four hours in an 8-hour workday; occasionally stoop, crouch, and climb; limited to simple, routine repetitive work and should only engage in occasional interaction with the public and co-workers. Tr. 19, 20, Finding 4. 20 C.F.R. §§ 404.1567, 416.967. This finding is disputed. Pl's Mem. at p. 3-5.

At step four, the ALJ found that plaintiff had no past relevant work as her previous work was not performed at substantial gainful activity levels. Tr. 19,20, Finding 5. This finding is not disputed. Finally, at step five, the ALJ found that, based on plaintiff's RFC and relying on a vocational expert's (VE) testimony, plaintiff could perform work existing in significant numbers in the national economy. Tr. 19-20, Finding 6. Therefore, the ALJ found that plaintiff was not disabled as defined by the Act. Tr. 20, Finding 7.

Plaintiff does not disagree with the ALJ's findings at steps one through four of the sequential evaluation process. Plaintiff does, however, disagree with the ALJ's assessment of Dr. Gowen's opinion, which is relevant to the ALJ's RFC finding, and ultimately to his step five finding.

ALJ's Assessment of Dr. Gowen's Opinion

The ALJ concluded that plaintiff had severe impairments that were not disabling at step three. Therefore, the ALJ was required to assess plaintiff's RFC before proceeding to step four. Plaintiff's RFC is defined as the most she can do given

5   - OPINION AND ORDER

her impairments and limitations. SSR 96-8p. In assessing plaintiff's RFC, he or she must consider the entire record and explain how he weighs the medical evidence and testimony. SSR 96-5p.

Plaintiff alleges that the ALJ failed to give specific and legitimate reasons for discounting Dr. Gowen's opinion as to plaintiff's fibromyalgia. Pl's Mem. at p. 3-5. Dr. Gowen is plaintiff's treating physician. Generally, more weight should be given to the opinion of a treating doctor than to non-treating doctors. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). The Commissioner may reject the treating doctor's opinion for a contradictory opinion for "specific and legitimate reasons." Id.

A diagnosis of fibromyalgia requires evidence of fatigue, disturbed sleep, stiffness and pain in 11 out of 18 "tender points," which are at fixed locations on the body. Rollins v. Massanari, 261 F.3d 853, 855 (9th Cir. 2001). The American College of Rheumatology criteria for a diagnosis of fibromyalgia requires the presence of pain in these points, not just tenderness, "[t]enderness is not to be considered 'painful.'" Id.

Plaintiff was examined four times by Dr. Gowen in 2003: June 25, tr. 226-27; July 23, tr. 223; August 27, tr. 224; and November 12, tr. 221-22. In each exam, Dr. Gowen assessed plaintiff for fibromyalgia. Tr. 221-27. In the June and November exams, respectively, Dr. Gowen found plaintiff had tenderness at 7 and 8 tender points, a finding less than the required 11 tender points necessary to meet the diagnostic criteria. Tr. 224, 226. Further, at both the June and November

6   - OPINION AND ORDER

exams, Dr. Gowen found that although plaintiff indicated some tender points, she did not indicate the presence of pain as required by the diagnostic criteria. Id.

In plaintiff's July and August exams, respectively, Dr. Gowen noted plaintiff had tenderness at 13 and 11 tender points. Tr. 221-23. Again, Dr. Gowen noted only tenderness, with no finding of pain as required by the diagnostic criteria. Moreover, the ALJ correctly noted that unlike the exams in June and November where only 7 and 8 tender points were found, in both the July and August exams, Dr. Gowen failed to test for any of the control points used to determine malingering during a fibromyalgia examination. Tr. 16, 221, 223.

The July exam revealed 13 tender points, and the August exam revealed 11 tender points, although significantly, both without a finding of pain and without testing for control points. Therefore, I find that substantial evidence supports the ALJ's questioning of plaintiff's diagnosis of fibromyalgia. Even, however, if this court were to accept Dr. Gowen's diagnosis of fibromyalgia and conclude it was a severe impairment, substantial evidence exists for rejecting plaintiff's limitations assessed by Dr. Gowen in September 2004. Tr. 18. Specifically, the ALJ gave little weight to Dr. Gowen's opinion that plaintiff could stand for only five minutes at a time; would miss three or more days of work per month; and would need to lie down 8-10 times per shift. Tr. 256-59. The ALJ gave Dr. Gowen's assessment little weight because he failed to conduct any type of physical capacities evaluation relevant to the assessed limitations. Dr. Gowen's report, in fact, was essentially a reiteration of plaintiff's

7    - OPINION AND ORDER

pain behavior as noted by other doctors who attempted treatment of plaintiff.

Finally, the administrative record does not contain objective evidence to support such limitations. Instead, the administrative record supports the ALJ's assessment of Dr. Gowen's opinion. I find that the ALJ gave clear and convincing reasons to reject Dr. Gowen's unsupported assessment of plaintiff's limitations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005)(court must uphold the Commissioner's denial of benefits if the evidence is susceptible to more than one reasonable interpretation, one of which supports the ALJ's decision).

Finally, this court notes plaintiff's failure to challenge the ALJ's credibility finding. Pl's Mem. at p. 3-5. The ALJ found plaintiff not credible due primarily to substantial evidence that plaintiff exaggerated pain behavior and engaged in drug-seeking behavior. Tr. 17-18. Because there exists no laboratory tests to confirm the diagnosis of fibromyalgia, pursuant to SSR 99-2p, when a plaintiff's statements about the intensity, persistence, or functionally limiting effects of symptoms are not substantiated by objective medical evidence, the ALJ "must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms . . . and must then make a finding on the credibility of the individual's statements about symptoms and their functional effects." Id. The ALJ did so here, and substantial evidence supports his finding that plaintiff's subjective complaints were not credible. Tr. 17-18.

8   - OPINION AND ORDER

1-28 shown in margin

## CONCLUSION

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed.

IT IS SO ORDERED.

Dated this 4 day of June 2007.

_____
Ann Aiken
United States District Judge

9   - OPINION AND ORDER